

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

January 5, 1962

Honorable William A. Harrison　　Opinion No. WW-1234
Commissioner of Insurance
International Life Building　　　Re: The correct method of valuing
Austin 14, Texas　　　　　　　　real estate in calculating the
　　　　　　　　　　　　　　　　tax rate under the provisions
Dear Mr. Harrison:　　　　　　　of Article 7064, V. C. S.

　　　　You have asked for our opinion with regard to whether or not the reasoning and conclusion of Attorney General's Opinion S-200 is applicable to real estate investments held by a foreign insurance corporation taxable under Article 7064, V. C. S.

　　　　Article 7064, V. C. S., in general, taxes insurance companies other than life, health, and accident companies on the basis of the amount of gross premiums received upon property or risks located in Texas. The amount of this tax, normally figured at a rate of 3. 85%, may be reduced if the company had invested in "Texas securities" as defined therein from 75% to 100% of the amount that it had invested in "similar securities" in the state in which it then had the highest percentage of its admitted assets invested. (The actual rate being determined by the percentile relation between the two amounts invested in accordance with the formula set out in Article 7064.) Under this statute, it obviously becomes necessary for valuations to be made of the foreign company's investments.

　　　　The inquiry answered by Opinion S-200 was directed at an investment in corporate stock and concerned whether or not market value or actual cost of acquisition was to be used in determining the proper basis of valuation. The opinion held that the purchase price was the correct figure to be used as to corporate stock.

　　　　Your current request informs us that since the issuance of S-200 the State Board of Insurance has maintained that the "amount invested" in foreign real estate is the amount actually expended by the company for its original acquisition plus the amount expended for all subsequent improvements. Your request is prompted by the fact that an insurer is urging that the depreciated value of the realty should be used instead.

We have concluded that the correct basis for evaluation of a real estate investment under Article 7064 is its market value. "Texas Securities" are specifically defined by Article 7064 to include real estate in this State. Turning to the portions of the Insurance Code particularly applicable to the type of companies covered by this article, we find, for example, that Article 6.08 authorizes fire and marine companies to hold and convey real estate "for the erection and maintenance of buildings at least ample and adequate for the transaction of its own business," with the further qualification that: "Not more than 33-1/3% of its admitted assets shall be invested by such insurance company in real estate." That the latter does not refer simply to a "cost" figure is shown by the last paragraph of Article 6.08 which provides "The value of real estate mentioned . . . shall be appraised by two or more competent and disinterested citizens of Texas appointed by the Board of Insurance Commissioners of Texas." The amount invested in real property under Article 6.08 is thus determined by its market value. We can find no language in Article 7064 indicating the Legislature there intended a different meaning. General casualty companies are, by Article 8.18 of the Insurance Code, made subject to Article 6.08.

Life insurance companies offer an analogous situation. They also are taxable on their gross premiums, by virtue of Article 4769, V.C.S., the rate being reducible depending on the percentile relationship between its investments in Texas securities and its similar securities in the state in which it had its highest percentage of admitted assets invested. "Texas Securities" for life insurance companies are defined by Article 3.34 of the Insurance Code to include "the purchase of not more than one building site, and in the erection thereon of not more than one office building, or in the purchase, at its reasonable market value, of such office building already constructed and the ground upon which same is located. . ." The article proceeds by allowing all real estate owned by life companies in this State prior to 1910 to be treated as a Texas security "to the extent of its reasonable market value." Appraisals are provided for, as in the case of fire and casualty companies, by Article 3.40, V.C.S., which likewise contains a restriction regarding real estate investments of over 33-1/3% of the admitted assets of the company.

In addition, the Legislature, in 1955, amended Article 1.15, Sec. 2, to read as follows:

"The Board of Insurance Commissioners in administering any provision of the Insurance Code, Acts

1951, Fifty-second Legislature, Chapter 491, shall
be authorized and empowered in determining 'value'
or 'market value' of any investment in or upon real
estate or the improvements thereon by any carrier
authorized to do business in the State of Texas to con-
sider any and all matters and things relating thereto,
including but not restricted to, appraisals by real
estate boards or other qualified persons, affidavits
by other persons familiar with such values, tax valua-
tions, cost of acquisition, with proper deductions for
depreciation and obsolescense, cost of replacement,
sales of other comparable property, enhancement in
value from whatever cause, income received or to be
received, improvements made or any other factor or
any other evidence which to said Board may be deemed
proper and material."

Thus, we see that the Legislature intended that the real estate
investments authorized by the Code were to be treated in the same manner
insofar as their evaluation is concerned regardless of the type of com-
pany involved; that the determinative figure is to be that commonly
referred to as "market value" and that such figure is to be arrived at
by the methods set out in Article 1.15. This should obviously be the
figure utilized for tax purposes under Article 7064, as it has been under
Article 4769 for life companies. There is nothing in the Code to warrant
a different treatment for tax purpose as between life companies and those
affected by Article 7064.

We find that the Insurance Code contains no provisions comparable
to Article 1.15 prescribing the method of evaluating securities other than
real estate. We, therefore, reaffirm Opinion S-200 insofar as it relates
to valuation of investments in corporate stocks.

## SUMMARY

In calculating the tax rate under the provisions

of Article 7064, V. C. S., real estate investments should be valued at their market value.

Very truly yours,

WILL WILSON
Attorney General of Texas

By *Bob E Shannon*

Bob E. Shannon
Assistant Attorney General

BES/pe

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Martin DeStefano
Fred B. Werkenthin
Joe B. McMasters
William Allen

REVIEWED FOR THE ATTORNEY GENERAL
BY:          Houghton Brownlee, Jr.